# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 20-118-RAW-SPS |
| ) | |
| **JUDGE GARY L. LUMPKIN, et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff is a prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He is proceeding pro se and *in forma pauperis*. He brings this action under the authority of 42 U.S.C. § 1983 seeking relief related to his allegedly unlawful conviction in Choctaw County District Court Case No. CRF-1981-83 for First Degree Murder, for which he was sentenced to life imprisonment.[1] The defendants are Presiding Judge Gary Lumpkin, Associate District Judge Bill Baze, and 'Hugo Choctaw County Officials, Mayor." (Dkt. 1 at 1). Plaintiff is requesting "monetary damages for the emotional injury suffered . . . from unlawful imprison [sic] for 39 years on an invalid warrant." (Dkt. 1 at 8).

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners

---

[1] The Court takes judicial notice of the Oklahoma Department of Corrections website pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Discussion**

To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. As shown below, Plaintiff has not shown his conviction or sentence is invalid.

Although Plaintiff has challenged his conviction on many occasions, he has not succeeded. *See White v. Ward*, No. CIV 95-607-S (E.D. Okla. Mar. 12, 1997) (petition dismissed for failure to exhaust state court remedies), *appeal dismissed*, Nos. 96-740, 96-7119, *cert. denied*, 520 U.S. 1215 (1997); *White v. Ward*, No. CIV 97-632-B (E.D. Okla. Dec. 10, 1997) (denying petition to compel Oklahoma Court of Criminal Appeals to issue decision on merits of claims arising from conviction), *aff'd*, 145 F.3d 1139 (10th Cir. May 22, 1998); *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003) (dismissing § 2254 habeas petition as barred by the statute of limitations), *appeal dismissed*, No. 03-7054 (10th Cir. Oct. 22, 2003). *White v. Workman*, No. CIV 09-085-FHS-KEW, 2009 WL 736649 (E.D. Okla. Mar. 17, 2009) (denying petition for mandamus asking the District Court to direct the Oklahoma Court of Criminal Appeals to consider his claim concerning the search warrant in his criminal prosecution).

In addition, Petitioner has filed at least five other § 2254 habeas petitions that were dismissed as untimely or as second or successive: *White v. Workman*, No. CIV 09-450-FHS-KEW, 2010 WL 2723216 (E.D. Okla. July 8, 2010); *White v. Workman*, No. CIV-12-001-RAW-KEW (E.D. Okla. Jan. 12, 2012); *White v. Workman*, No. CIV-12-071 (E.D. Okla. Feb. 24, 2012), *appeal dismissed*, No. 12-7015 & 7023 (10th Cir. May 23, 2012); *White v. Workman*, No. 12-196-FHS-KEW (E.D. Okla. June 13, 2012); *White v. Workman*, No. 12-306 (E.D. Okla. July 17, 2012); and *White v. Trammel*, No. CIV-13-185-RAW-KEW (E.D. Okla. May 16, 2013).

*See also In re White*, No. 09-6019 (10th Cir. Feb. 18, 2009) (setting forth Petitioner's history of challenges to his first degree murder conviction and life sentence), and *In re White*, No. 09-7045 (10th Cir. Apr. 30, 2009) (denying Petitioner authorization to file a second or successive habeas petition).[2]

The Court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915.  Subsection (e) of that statute permits the dismissal of a case when the Court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact.  *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  All pending motions are DENIED AS MOOT.  This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 29th day of June 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] Petitioner also has filed in the state courts a large number of actions challenging his conviction.  *See White v. State*, No. PC-2008-731 (Okla. Crim. App. Oct. 24, 2008) (stating Petitioner had attempted to appeal or otherwise collaterally attack his conviction "no fewer than 14 times over the past 25 years" and barring him from seeking further relief in the state courts from his Judgment and Sentence in CRF-81-83).